IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

STACEY A. WEEKS                    :     CIVIL ACTION
                                   :
        v.                         :
                                   :
UNITED STATES OF AMERICA,          :     NO. 25-187
et al.                             :

MEMORANDUM

Bartle, J.                                      December 17, 2025

      Plaintiff Stacey A. Weeks, as the Administratrix of the Estate of her son Tahiem Weeks-Cook and in her own right brings this action against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b)(1) and § 2671, et seq. as well as against a number of FBI agents under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). She claims that her son was wrongfully shot by an FBI agent and that he died as a result two days later. The court granted in part and denied in part the defendants' motion to dismiss.

      The Plaintiff now moves for reconsideration insofar as the court granted the motion of the United States to dismiss the FTCA claim she had brought in her own right under the Pennsylvania Wrongful Death Act. 42 Pa. Cons. Stat. § 8301 (2024). At the time the court ruled, plaintiff had not opposed this aspect of the Government's motion.

A party seeking reconsideration of a district court's order must show either "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [to dismiss]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Plaintiff relies only on the third factor.

A plaintiff may not bring a lawsuit under the FTCA unless she has first presented her claim to the appropriate federal agency, and the claim shall have been denied or shall be deemed denied after it is pending before the agency for six months. 28 U.S.C. § 2675(a). This requirement is jurisdictional. Shelton v. Bledsoe, 775 F.3d 554, 569 (3d Cir. 2015). As recounted in the court's Memorandum dated November 19, 2025 (Doc. #41), plaintiff submitted a claim to the FBI as the Administratrix of the Estate of her son but did not do so as to any claim she had in her own right. The Government raised her failure to do so among other issues in its brief in support of its motion to dismiss. As noted above, the plaintiff, in her opposing brief, did not respond to this argument of the Government.

The Government's motion and brief were filed on July 7, 2025. At that point, plaintiff was on notice of the

-2-

Government's position.  She had two years after August 4, 2023, the date Tahiem Weeks-Cook was shot, to present any administrative claim.  28 U.S.C. § 2401(b).  As of July 7, 2025, she had almost a month remaining to do so.  However, she never filed an administrative claim for herself within that time frame.

      Plaintiff provides no compelling reason for failing to address the present issue in her brief in opposition to the motion to dismiss.  She simply blames the omission on the number of other issues that needed to be addressed.  None of the cases she cites in support of her pending motion involves the situation where a plaintiff waited to address the issue until after the claim was dismissed by a court for lack of jurisdiction.  There has been no clear error of law or fact. Nor is there any need to prevent manifest injustice.

      Accordingly, the motion of plaintiff for reconsideration will be denied.